**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4146-19

MICHAEL ZEGARSKI,

     Plaintiff-Appellant/
Cross-Respondent,

v.

KELLEEN ZEGARSKI,

     Defendant-Respondent/
Cross-Appellant.

_____

Submitted September 14, 2021 – Decided October 1, 2021

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-0444-14.

Richard Obuch, attorney for appellant/cross-respondent.

Lindabury, McCormick, Estabrook & Cooper, PC, attorneys for respondent/cross-appellant (David R. Tawil, of counsel and on the briefs).

PER CURIAM

In this post-judgment matrimonial matter, before this court for a second time, we review the trial court's orders regarding the parties' obligations towards their sons' college costs and concomitant award of counsel fees. We affirm.

The parties had four sons during their twenty-year marriage. When they divorced in 2013, they entered into a Property Settlement Agreement (PSA) which included a provision regarding college costs for their children. Paragraph 14 of the PSA states:

> All reasonable and agreed upon college and secondary education costs shall be divided between the parties after any and all financial aid is received by said children, the cost of which shall be paid with the [plaintiff] paying 50% of the cost and [defendant] paying 50% of the cost of same.
>
> Further, parties shall exchange tax documentation during the respective child's junior year prior to high school graduation. Any and all reasonable and agreed upon extra-curricular activities shall be paid equally between the parties. Education costs include, but are not limited to: tuition, room, board, miscellaneous school fees, books, reasonable transportation to and from the school and any reasonable related costs and expenses.
>
> The parties shall consult with each other and with the children with a view toward providing each child with the best education possible in view of their particular circumstances, each child's educational abilities and desires, and the parties' then existing financial responsibility.

A-4146-19

In addition, under the PSA, plaintiff agreed to pay the loan taken by the parties during the marriage for their two older sons' college education.

In 2017, plaintiff filed a motion to reduce his child support obligation; defendant cross-moved to compel plaintiff to pay his share of college costs for their third son, Ryan. The court ordered plaintiff to pay $10,000 for Ryan's first year of college, with a five percent incremental increase each year thereafter.

After plaintiff appealed the order, we remanded for the trial court's consideration of the factors set forth in Newburgh v. Arrigo.[1] Zegarski v. Zegarski, No. A-4146-19 (App. Div. May 21, 2019).[2]

On remand, Judge Thomas K. Isenhour conducted a two-day plenary hearing and issued a comprehensive written decision setting forth his findings of fact and analysis of the Newburgh factors. In a March 23, 2020 order, Judge Isenhour required plaintiff to contribute fifty percent of the college costs for Ryan and Zachary. The judge also awarded defendant $39,964.50 in counsel fees. Plaintiff's subsequent motion for reconsideration was denied. Defendant

---

[1] Newburgh v. Arrigo, 88 N.J. 529 (1982).

[2] Although the initial suit only concerned Ryan's college costs, by the time of the remand, Zachary, the parties' youngest son, had begun college and the parties agreed that the plenary hearing would address both sons' college costs.

A-4146-19

was awarded $2500 in counsel fees for her costs incurred in opposition to the motion.

On appeal, plaintiff reiterates his arguments, contending he should not be obligated for Ryan's and Zachary's college expenses because he did not agree to their choice of schools, and the Family Part judge misapplied the Newburgh factors. Plaintiff also contests the award of counsel fees. Defendant cross-appeals, arguing that the trial court erred in not awarding her the full amount of fees she incurred in defending the motion for reconsideration.

"The scope of appellate review of a trial court's fact-finding function is limited." Cesare v. Cesare, 154 N.J. 394, 411 (1998). "[F]indings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). This court may "not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." Mountain Hill, LLC v. Twp. of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008) (citation omitted).

A Family Part judge exercises "substantial discretion" in determining parents' contribution to college expenses. Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 588 (App. Div. 2016) (quoting Gotlib v. Gotlib, 399 N.J. Super.

295, 308 (App. Div. 2008)).  However, we owe no deference to a decision that is "manifestly unreasonable, [or] arbitrary . . . " J.B. v. W.B., 215 N.J. 305, 326 (2013) (citation omitted), or that "ignores applicable standards," Gotlib, 399 N.J. Super. at 309.

Where there is "sufficient credible evidence present in the record . . . [we] should not disturb the result . . . ."  Beck v. Beck, 86 N.J. 480, 496 (1981) (citation omitted).  Deference is especially appropriate in bench trials when the evidence is "largely testimonial and involves questions of credibility." Cesare, 154 N.J. at 412 (citation omitted).  "We ordinarily defer to the factual findings of the trial court because it has the opportunity to make first-hand credibility judgments about the witnesses who appear on the stand . . . ." N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008).

Therefore, we will "not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice . . . ." Rova Farms, 65 N.J. at 484 (citation omitted).

Plaintiff contends the Family Part judge erred in requiring him to contribute to college costs for his two younger sons because he did not agree to

5

their choice of schools, and the judge misapplied the <u>Newburgh</u> factors in making his determination. We disagree.

The parties' PSA did not condition a parent's agreement to the child's choice of college to the contribution towards college costs. Judge Isenhour found that both parties expected and encouraged their children to attend college. Plaintiff had paid for the older two sons' education and agreed in the PSA to assume responsibility for repaying loans procured for their tuition and college-related costs. Judge Isenhour found Ryan and Zachary were attending "schools suitable for their educational goals." He also noted both young men were doing well academically.

The judge did acknowledge the "strained relationship" plaintiff had with his younger sons, which the sons attributed to plaintiff's behavior prior to and after the divorce as well as details surrounding the divorce. The judge further noted, "[P]laintiff's efforts to terminate child support and refusal to contribute to college further damaged their relationship." He concluded that "neither defendant nor the children were responsible for the deterioration in the relationship, and it would be inequitable to reward plaintiff for his own misconduct." We discern no merit to plaintiff's argument that because he did

6

not agree to his sons' choice of college, he is absolved of any contribution towards the costs for their education.

We are also unpersuaded by plaintiff's contention that the Family Part judge erred in its application of the Newburgh factors.

In Newburgh, the Court outlined twelve factors to consider when "evaluating the claim for contribution toward the cost of higher education." 88 N.J. at 545. Courts have an obligation to consider all of the enumerated factors. Raynor v. Raynor, 319 N.J. Super. 591, 617 (App. Div. 1999).

Judge Isenhour made extensive factual findings and applied those facts to the Newburgh factors in his comprehensive, twenty-three-page written decision. After completing his analysis, he determined that "plaintiff should contribute to Ryan's and Zachary's college costs" as "every factor favors contribution."

As we have stated, "The Family Part's 'substantial discretion' . . . applies equally to compelling a parent to contribute to their child's college costs." Avelino-Catabran, 445 N.J. Super. at 588 (citation omitted). We "must accept the Family Part's determination concerning a parent's obligation to contribute toward college tuition, provided the factual findings are supported by substantial credible evidence in the record and the judge has not abused his or her discretion." Ibid. (citing Gac v. Gac, 186 N.J. 535, 547 (2006)).

Here, the trial court's factual findings are supported by "adequate, substantial, [and] credible evidence" and are therefore "binding on this court." Rova Farms, 65 N.J. at 484; Cesare, 154 N.J. at 411-12.  Judge Isenhour made extensive factual findings after a two-day plenary hearing and applied those facts to the Newburgh factors.  Plaintiff makes substantially more money per year than defendant and both parents testified that they expected their children to attend college.  We are satisfied the trial court did not abuse its discretion when ordering plaintiff to pay for half of Ryan's and Zachary's college education costs.

Plaintiff also asserts that the trial court abused its discretion in awarding defendant attorney's fees.  "An award of counsel fees is only disturbed upon a clear abuse of discretion."  City of Englewood v. Exxon Mobile Corp., 406 N.J. Super. 110, 123 (App. Div. 2009) (citing Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)).  We "will disturb a trial court's determination on counsel fees only on the 'rarest occasions, and then only because of a clear abuse of discretion.'"  J.E.V. v. K.V., 426 N.J. Super. 475, 492 (App. Div. 2012) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

A trial court in a family action may award attorney's fees pursuant to Rule 5:3-5(c).  R. 4:42-9(a)(1).  "Fees in family actions are normally awarded to

permit parties with unequal financial positions to litigate (in good faith) on an equal footing." J.E.V., 426 N.J. Super. at 493 (quoting Kelly v. Kelly, 262 N.J. Super. 303, 307 (Ch. Div. 1992)). "[T]he party requesting the fee award must be in financial need and the party paying the fees must have the financial ability to pay, and if those two factors have been established, the party requesting the fees must have acted in good faith in the litigation." Ibid. (citing Guglielmo v. Guglielmo, 253 N.J. Super. 531, 545 (App. Div. 1992)). Rule 5:3-5(c) lists nine factors that the court shall consider in determining an award of counsel fees.

In its order compelling plaintiff to contribute to college costs, the trial court granted defendant's application for counsel fees and awarded her $39,964.50. The judge found that plaintiff acted in bad faith by "refusing to contribute any amount to Ryan's and Zachary's college costs," even though "he had the financial ability to do so." The court noted the litigation began in 2017 when plaintiff moved to terminate child support even though the children were still in high school and that plaintiff had failed to pay any expenses or comply with any order during the pendency of the 2019 appeal.

We are satisfied the court did not abuse its discretion in its award of counsel fees. Judge Isenhour thoroughly analyzed the required factors and found plaintiff had the greater ability to pay fees. The judge further found

plaintiff acted unreasonably and in bad faith when he refused to contribute to his younger sons' college education despite the provision in the PSA requiring him to do so. The judge went through the submitted certifications and made adjustments to the amount of fees as he found appropriate. We discern no reason to disturb his determination of the counsel fee award.

In defendant's cross-appeal, she asserts the trial court erred in awarding her only $2500 in attorney's fees to defend against "plaintiff's meritless [reconsideration] application."[3] In its oral decision, the court stated:

> I am going to quickly address counsel fees on this matter. I think it's clear from my ruling, I do not think that this motion for reconsideration was necessary. I think it was a rehashing of pretty much everything that was argued previously on just an expression of discontent. [W]hile I think there was no merit to the reconsideration, there was merit to . . . defendant's cross-motion for enforcement. Obviously, the parties could not work it out, so . . . they do have to come back.
>
> I'm not going to go through the entire Mani v. Mani[4] factors. In looking at the complexity of this issue, though, I'm not going to award the full amount of counsel fees requested by defendant, but I will award $2500 of counsel fees for [defendant].

---

[3] Defendant sought approximately $7000 in fees incurred for her opposition to the motion for reconsideration.

[4] Mani v. Mani, 183 N.J. 70 (2005).

Although the judge did not conduct a second analysis on the record regarding counsel fees, we are satisfied his decision was not an abuse of discretion. The court was very familiar with the parties and the issue. The judge performed a comprehensive, well-reasoned fee analysis in his March 23, 2020 decision, and was already familiar with plaintiff's ability to pay, defendant's financial need, and the nature of the services rendered. Therefore, we affirm the fee award issued to defendant for plaintiff's motion for reconsideration. Any remaining arguments advanced by either party not addressed were not of sufficient merit to warrant discussion in a written opinion. R. 2:11-3 (e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4146-19